HUBBARD (WELLS v.). See Case No. 17,-397.

---

## Case No. 6,820.

### In re HUBBEL et al.

[9 N. B. R. 523;[1] 19 Int. Rev. Rec. 150; 6 Leg. Gaz. 148.]

District Court, S. D. New York. May 5, 1874.

BANKRUPTCY — ASSIGNEE'S ACCOUNT — AMOUNT PAID TO HIS COUNSEL—SUBMISSION TO MEETING OF CREDITORS.

1. Sums paid by an assignee to his counsel should be included in his account and submitted to the meeting of the creditors, and audited as a part of the assignee's accounts.

2. Under special circumstances, on notice to all creditors who have proved their claims, the court may order an inquiry as to an assignee's or an attorney's account, before a meeting of creditors, but the practice is not to be encouraged.

3. In this case, where all of the assignee's attorney's bill, except four items amounting to about one-fifth the bill, had been presented to a third meeting of the creditors, and no objection made thereto, and as to these four items the court had ordered a reference, and the register reported in favor of their payment if the assignee made no objection, still the court refused to pass upon them, but ordered a general meeting of the creditors to be called for them to act thereon.

[In bankruptcy. In the matter of C. C. Hubbel and E. A. Chapel.]

BLATCHFORD, District Judge. On the 18th of November, 1873, the attorney for the assignee presented to this court a petition setting forth that he had rendered various services in this matter, as attorney, for the assignee, as such, in reference to the estate of the bankrupts, and that the value of such services was the sum of four hundred and forty-one dollars and fifty-seven cents, and praying for an order referring it to the regis-

---

[1] [Reprinted from 9 N. B. R. 523, by permission.]

ter in charge of the case to tax the amount of the costs, counsel fees and disbursements of the said petitioner in and about his said services, on notice to the assignee. The court refused to make the order on the ground then stated in a memorandum endorsed on the petition, that the bill "should be made a part of the assignee's accounts, and be presented at a meeting of creditors and be audited as part of the assignee's accounts." If an assignee employs an attorney, who renders legal services for him, the bill of the attorney therefor should be presented by the assignee, as a part of his accounts, at a meeting of creditors, where the assignee's accounts are required to be presented, as provided by section twenty-seven of the act. The intention is, that the disbursements of the assignee, in administering the estate, whether only incurred and not yet paid, or whether incurred and paid, shall be submitted to the creditors at a general meeting and be audited by the register as a part of the business of auditing the accounts of the assignee, with a view to passing the same under the power given to the register by section four of the act, and general order number five, to audit and pass the accounts of assignees. Under special circumstances the court may properly, on due notice to all creditors who have proved their debts, institute an inquiry into the services rendered to an assignee by an attorney or counsellor, with a view to payment of them, prior to the holding of any second general meeting of creditors; but the practice is one not to be encouraged.

On the 28th January, 1874, the attorney for the assignee presented to the court a petition setting forth, with particularity, the services he had rendered for the assignee, in reference to the estate, and annexing a bill thereof stated in items, and amounting, for services and disbursements, to five hundred and fifty-six dollars and fifty-seven cents. The petition states that at the third meeting of creditors (but when that was held is not stated) the petitioner presented his bill containing all the items except the last four, to the register, for taxation and allowance, in open meeting; that the bill was brought to the knowledge of the assignee and all the creditors present, and neither the assignee nor any creditor took objection to the bill; that subsequently the register, without passing on the bill, passed the accounts of the assignee and discharged him, but no order of distribution had been made, and he still had in his hands funds of the estate to the amount of about three thousand dollars; that subsequently, the register having doubts as to his power to pass upon the bill, declined to do so; that thereafter the said petition of November 18th, 1873, was presented to the court, and that the bill was fully presented for allowance at the third meeting of creditors, and all the creditors and the assignee

had notice thereof and opportunity to object, and no objection was made. The petition prayed for an order directing the register to pass upon, tax and adjust the bill. The assignee consented in writing that the petition be presented. Thereupon the court made an order that the register "pass upon, tax, audit and adjust the bill," upon notice to the assignee, "and ascertain and report, on like notice, whether anything, and, if so, how much ought to be paid thereon by said assignee out of the assets of the estate, and report his opinion, with the evidence taken, to this court."

By the proceedings before the register, under this order, now returned to the court, it appears that the assignee attended before the register, and that the attorney made proof of the services he had rendered and of their value, and that the assignee introduced no evidence. The bill, as so proved, amounts to five hundred and fifty-six dollars and fifty-seven cents. The register reports that in his opinion the bill so proved should be taxed, audited and adjusted, and paid out of the assets of the estate.

The difficulty I have in this matter is, that even assuming that the presentation of the bill that was presented at the third meeting of creditors, in the manner in which it was presented, was a proper presentation of it and a substantial compliance with the proper practice, as hereinbefore stated, yet the bill now presented has four items added to it, the last four, (which seem to amount to one hundred and seventy-eight dollars and twenty cents) which have never been submitted to the creditors. Moreover, in the petition of November 18th, 1873, the bill is stated to amount to four hundred and forty-one dollars and fifty-seven cents. It is now claimed to be five hundred and fifty-six dollars and fifty-seven cents.

The only course open is for a meeting of creditors to be ordered by the court, the assignee to give, under section seventeen [of the act of 1867 (14 Stat. 524)], such notice thereof to all known creditors, by publication and otherwise, as is required to be given by the marshal of the first meeting of creditors, the notice to state that the special business of the meeting is to audit and pass upon the said bill, stating its general nature and amount as claimed, and the proceedings at the meeting to be reported to the court. Let a proper order in the premises be prepared by the register and submitted to the court.